#350

LP

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

FILED
SEP 0 4 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| | |
|---|---|
| Kelly Hopkins<br>101 Robbins Avenue<br>Rockledge, PA 19040<br>And<br><br>Byron A. Gorcey<br>4156 Manayunk Avenue<br>Philadelphia, PA 19128<br><br>And<br><br>Kevin Vanic<br>309 Washington Street<br>No. 2206<br>Conshohocken, PA 19428<br><br>And<br><br>Brian J. Smith<br>15 East Cornwall Drive<br>Chalfont, PA 18914<br><br>And<br><br>Matthew Aden<br>2096 Ramrod Avenue<br>No. 623<br>Henderson, Nevada 89014<br><br>And<br><br>Gary Colby<br>1220 Singer Grand Drive<br>Singer Island, Florida 23404<br><br>And<br><br>Jonathan Heumann<br>9 Summit Green Court<br>Cockeysville, Maryland 2103<br><br>And | CIVIL ACTION<br><br><br><br><br>07 3679<br><br><br><br><br>JURY TRIAL DEMANDED |

All others similarly situated persons
who hereinafter become Plaintiffs
                                 Plaintiffs

         Versus

New Day Financial LLC
Eight Tower Bridge
161 Washington Street
Conshohocken, PA 19428

         And

Robert Posner
549 South Waterloo Road
Devon, PA 19333

         And

Paul Alger
11 Stoneybrook Lane
Malvern, PA 19355
                               Defendants     :     NO.

## COMPLAINT

## NATURE OF LAWSUIT

1.      This action is brought by Plaintiffs on behalf of themselves and other similarly situated persons to recover from Defendants unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), and declaratory relief under 28 U.S.C. §2201. Plaintiffs, all former Account Executives, an inside sales job, seek to represent an opt-in class composed of the current and former employees of Defendants who are or were employed as Account Executives, and seek damages under the FLSA, and declaratory relief pursuant to 28 U.S.C. §2201.

2

## THE PARTIES

2. Plaintiff, Kelly Hopkins ("Hopkins"), is an adult individual who resides at 101 Robbins Avenue, Rockledge, Pennsylvania 19040. Hopkins is a former Account Executive of Defendant New Day Financial LLC ("New Day"). Hopkins' Account Executive job was an inside sales position in which Hopkins served as a loan originator for Defendants.

3. Plaintiff, Byron A. Gorcey ("Gorcey"), is an adult individual who resides at .4156 Manayunk Avenue, Philadelphia, Pennsylvania 19128. Gorcey is a former Account Executive of Defendant New Day. Gorcey's Account Executive job was an inside sales position in which Gorcey served as a loan originator for Defendants.

4. Plaintiff, Kevin Vanic ("Vanic"), is an adult individual who resides at 309 Washington Street, No. 2206, Conshohocken, PA 19428. Vanic is a former Account Executive of Defendant New Day. Vanic's Account Executive job was an inside sales position in which Vanic served as a loan originator for Defendants.

5. Plaintiff, Brian J. Smith ("Smith"), is an adult individual who resides at 15 East Cornwall Drive, Chalfont, Pennsylvania 18914. Smith is a former Account Executive of Defendant New Day. Smith's Account Executive job was an inside sales position in which Smith served as a loan originator for Defendants.

6. Plaintiff, Matthew Aden ("Aden"), is an adult individual who resides at 2096 Ramrod Avenue, Henderson, Nevada 89014. Aden is a former Account Executive of Defendant New Day. Aden's Account Executive job was an inside sales position in which Aden served as a loan originator for Defendants.

7. Plaintiff, Gary Colby ("Colby"), is an adult individual who resides at 1220 Singer Grand Drive, Singer Island, Florida 23404. Colby is a former Account Executive of Defendant New Day. Colby's Account Executive job was an inside sales position in which Colby served as a loan originator for Defendants.

8. Plaintiff, Jonathan Heumann ("Heumann"), is an adult individual who resides at 9 Summit Green Court, Cockeysville, Maryland 21030. Heumann is a former Account Executive of Defendant New Day. Heumann's Account Executive job was an inside sales position in which Heumann served as a loan originator for Defendants. (Plaintiffs Hopkins, Gorcey, Vanic, Smith, Aden, Colby and Heumann hereinafter collectively shall be referred to as the "Named Plaintiffs").

9. Defendant, New Day, is a limited liability company with a place of business at Eight Tower, 161 Washington Street, Conshohocken, Pennsylvania 19428. Since in or about 2004, New Day has acted as a mortgage company specializing in over equity loans.

10. Defendant Robert Posner ("Posner") is an adult individual who at all times material hereto has served as the Chief Executive Officer of New Day. Posner has an office at New Day's facility in Conshohocken, Pennsylvania. On information and belief, Posner is an owner of New Day, who resides at 549 South Waterloo Road, Devon, Pennsylvania 19333.

11. Defendant, Paul Alger ("Alger"), is an adult individual who at all times material hereto has served as the Chief Operating Officer of New Day. Alger has an office at New Day's facility in Conshohocken, Pennsylvania. On information and belief, Alger is an owner of New Day, who resides at 11 Stoneybrook Lane, Malvern, Pennsylvania 19355.

(New Day, Posner and Alger hereinafter collectively shall be referred to as "Defendants").

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this controversy under and pursuant to 28 U.S.C.§§1331 and 1337, and 29 U.S.C.§217.

13. The amount in controversy in this lawsuit is believed to be in excess of $150,000.00 exclusive of interest and costs.

14. This Court has personal jurisdiction over the parties hereto. All of the Named Plaintiffs either reside within this District and/or have consented to venue in the Eastern District of Pennsylvania. All of the Named Plaintiffs had worked for Defendants in this District. Furthermore, this Court has personal jurisdiction over Defendants in that New Day has a place of business in Conshohocken, Pennsylvania. Additionally, the individual Defendants work and/or reside in this District.

## BACKGROUND FACTS

15. Since 2004, New Day has been engaged in business as a mortgage company specializing in the sale of over equity loans for residential real estate. New Day does business in at least forty eight states.

16. New Day lends up to 125% of the value of homes. New Day markets and sells mortgages to homeowners with significant credit card debt. New Day charges borrowers interest rates which were within about one hundred dollars ($100.00) of each state's maximum annual percentage rate for APR. As a general matter, New Day sells its over equity loans on the secondary loan market within about sixty days after the loans are closed.

17. The Named Plaintiffs all were employed as Account Executives who performed exclusively inside sales jobs. Each of the Named Plaintiffs was last employed by New Day less than two years ago.

18. As Account Executives, all of the Named Plaintiffs were required to work at least six days and sixty three hours per week at a minimum. The Named Plaintiffs were required to work all holidays except Thanksgiving and Christmas. The Named Plaintiffs were required to work through their meal times without pay and were not provided with distinct break times during their workdays.

19. The Named Plaintiffs were effectively directed to work more than sixty three hours per week to maintain their jobs. As a routine matter, Account Executives were expected to work seventy (70) or more hours per week without any pay for overtime hours worked.

20. Account Executives also were expected to spend additional time finding additional persons to join New Day as Account Executives. Plaintiffs were threatened with loss of jobs and/or reductions in pay and/or other disciplinary measures if they did not bring additional workers to New Day.

21. Each of the Named Plaintiffs was paid a salary plus commissions. The Named Plaintiffs' salaries ranged between $25,000.00 and $30,000.00 per year.

22. None of the Named Plaintiffs was paid overtime pay for hours worked in excess of forty hours per week.

23. Defendants knew that none of the Named Plaintiffs was an executive, administrative or professional employee or an outside sales person.

24. Defendants also knew that none of the Named Plaintiffs was exempt from the overtime pay provisions under the FLSA.

25. In or about February 2005, New Day and others were sued by former Account Executives for violations of the FLSA's overtime pay provisions. Defendants made a $300,000.00 offer of judgment to the plaintiffs in that lawsuit which was accepted by them.

26. After that lawsuit was instituted, and, on information and belief, continuing to the present, Defendants require their Account Executives to work substantial overtime without any payment for the overtime hours worked.

27. Defendants knowingly and intentionally violated the FLSA by failing and refusing to pay the Named Plaintiffs overtime pay for the overtime hours worked by them.

## COUNT I
## NAMED PLAINTIFFS V. DEFENDANTS

28. The Named Plaintiffs incorporate herein by reference all of the averments of this Complaint as though fully set forth herein.

29. All of the Named Plaintiffs were covered employees under 29 U.S.C. §203(e)(1) of the FLSA. All of the Named Plaintiffs were engaged in interstate commerce and/or engaged in the production of goods for commerce and/or employed in an enterprise engaged in commerce and/or the production of goods for commerce.

30. Defendant New Day is an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of Section 203 of FLSA, 29 U.S.C. §203 and are covered thereunder. At all times material hereto, on information and belief, New Day

Day has employed in excess of 100 employees, the majority of whom have been Account Executives.

31. At all times relevant hereto, Defendants Posner and Alger were employers within the meaning of the FLSA, including 29 U.S.C.§203. Defendants Posner and Alger are executive officers of New Day and between them, on information and belief, have majority control of New Day.

32. During the periods of their respective employment by Defendants, the Named Plaintiffs regularly and consistently performed overtime work for which no additional compensation was paid to them by Defendants in violation of the provisions of the FLSA.

33. Under the provisions of 29 U.S.C. §§207 and 216, there is due and owing to each of the Named Plaintiffs compensation for overtime worked in an amount to be determined, plus an additional equal amount as liquidated damages, together with reasonable attorney's fees and costs.

34. Defendants knowingly and intentionally violated the FLSA by failing and refusing to pay the Named Plaintiffs overtime pay for the overtime hours worked by them.

WHEREFORE, the Named Plaintiffs demand the following relief as to each of them:

    a. An amount to be proven at trial equal to each Named Plaintiff's unpaid overtime compensation mandated by 29 U.S.C.§207(a);

    b. An equal amount representing liquidated damages as allowed under 29 U.S.C.§216(b)

c. An amount for the Named Plaintiffs' reasonable attorney's fees and costs as allowed under 29 U.S.C.§216(b);

d. Interest in accordance with applicable law; and

e. Such other and further relief as this Court deems just and proper, including a declaration pursuant to 28 U.S.C.§2201 that the Named Plaintiffs were employee subject to all of the requirements of the FLSA, and were not exempt from the overtime pay requirements of the FLSA.

## COUNT II
## THE NAMED PLAINTIFFS ON BEHALF OF THEMSELVES AND SIMILARLY SITUATED PERSONS V. DEFENDANTS

35. The Named Plaintiffs incorporate herein by reference all of the averments of this Complaint as though fully set forth herein

36. The Named Plaintiffs bring Count II on behalf of themselves and similarly situated present and former employees of Defendants who consent to opt-in to this lawsuit. The class consists of all present and former employees of New Day who have worked as Account Executives since January 1, 2005.

37. The Named Plaintiffs are informed and believe and on that basis allege that this class of similarly situated persons consists of approximately 100 to 150 present and former Account Executives of New Day.

38. The claims set forth in Count II of this Complaint are common to the Named Plaintiffs and to each and every member of the opt-in class.

39. The Named Plaintiffs are proper representatives of this opt-in class of persons because, as shown above, the Named Plaintiffs are members of the class described in Paragraph 36 above. The claims that they assert in this Complaint are typical of the

claims of all members of the opt-in class in that all members of the class worked substantial overtime hours for Defendants for which they were not compensated contrary to the FLSA.

40. The Named Plaintiffs contend that the claims set forth herein are proper for certification as an opt-in class action under the provisions of 29 U.S.C.§216(b) and/or other applicable law or rules of court.

41. All of the members of Named Plaintiffs' class are or were covered employees under the FLSA. All of the members of Named Plaintiffs' class are or were engaged in interstate commerce and/or engaged in the production of goods for commerce and/or employed in an enterprise engaged in commerce and/or the production of goods for commerce.

42. During the periods of their respective employment, on information and belief, each member of the class regularly and consistently performed overtime work as an Account Executive for which no additional compensation was paid to him or her by Defendants in violation of the provisions of the FLSA.

43. Under the provisions of 29 U.S.C. §§207 and 216, there is due and owing to each of the members of the opt-in class compensation for overtime worked in an amount to be determined, plus an additional equal amount as liquidated damages, together with reasonable attorney's fees and costs.

44. On information and belief, Defendants willfully and intentionally failed to remit to each member of the class overtime pay in violation of the FLSA.

WHEREFORE, on behalf of the members of the class, the Named Plaintiffs demand the following relief:

a. An Order certifying an opt-in class action after appropriate notice to the members of the class and an opportunity for each of them to consent to join in this action.

b. An award of damages to each member of the class in an amount to be proven at trial equal to each class member's unpaid overtime compensation mandated by 29 U.S.C.§207(a);

c. An award of damages to each member of the class in an equal amount representing liquidated damages as allowed under 29 U.S.C.§216(b);

d. An award of an amount for reasonable attorney's fees and costs as allowed under 29 U.S.C.§216(b);

e. Interest in accordance with applicable law; and

f. Such other and further relief as this Court deems just and proper, including a declaration pursuant to 28 U.S.C.§2201 that the members of the class were employees subject to all of the requirements of the FLSA, and were not exempt from the overtime pay requirements of the FLSA.

Respectfully submitted,

THE LAW OFFICE OF STEPHEN J. SPRINGER

By: /s/ Stephen J. Springer
Stephen J. Springer, Esquire
2033 Walnut Street
Philadelphia, PA 19103
Phone: (215) 732-8229