IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY HOPKINS, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: 07-cv-3679 |
| | | Trial Date: December 4, 2009 |
| NEW DAY FINANCIAL, LLC, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' TRIAL COUNSEL

Defendants New Day Financial, LLC and Messrs. Robert Posner and Paul Alger (collectively "Defendants"), respond to Plaintiffs' Opposition to Defendants' Motion to Disqualify Plaintiffs' Trial Counsel, and for good cause state:

1. Critically, Plaintiffs do not deny that there an issue exists in this case, regarding the anticipated lines of questioning, as identified in Defendants' Motion to Disqualify. Thus, Plaintiffs do not deny that the anticipated questioning could realistically develop at Trial, and present the problems envisioned in Defendants' Motion to Disqualify.

2. Plaintiffs want to shield Stephen J. Springer, Esq. from Trial, while swinging a sword, i.e., asserting that they cannot retain counsel for arbitration or that Mr. Springer will not continue to represent them. Plaintiffs thus seek to use a sword and a shield regarding this issue. Defendants simply believe that the playing field should be leveled.

3. Defendants' Motion requests that the Court simply level the playing field. For instance, the Court could issue an Order prohibiting the Plaintiffs from denying that they cannot obtain counsel for the arbitration at the same fees and expenses that they are currently paying

for the instant litigation.  Plaintiffs refused to agree to any stipulations prior to the filing of the instant Motion, and make no suggestions as to how the Court can remedy this conflict, short of disqualification.  Plaintiffs are forcing this issue, not the Defendants.

4.　　Defendants did not miss any procedural deadline in identifying Plaintiffs' counsel as a witness in this case.  In fact, if there was delay in raising this issue, it was Mr. Springer who caused the delay by repeatedly asking Defendants for more time to review the issue, and then preemptively seeking relief from the Court without engaging in good faith negotiations regarding the issues that legitimately concern the Defendants.

5.　　Defendants' counsel, himself a solo practitioner, is sympathetic to the fact that Mr. Springer is a solo practitioner.  However, this is not good grounds or excuse to allow the Plaintiffs to testify without the ability of the Defendants to effectively cross.  Nor, should the rules of professional conduct be bent for Mr. Springer, just because he practices as a solo practitioner.  These arguments have been rejected by other Courts in this District, which reason that " '[t]hese considerations must yield, however, to considerations of ethics which run to the very integrity of our judicial process.' "  <u>Brennan et ux. v. Independence Blue Cross</u>, 949 F.Supp. 305, 310 (E.D. Pa. 1996).

For the reasons set forth herein, the Defendants' respectfully request that the Court disqualify Plaintiffs' Trial Counsel, or fashion a remedy which will essentially level the playing field regarding the anticipated testimony.

Respectfully submitted,

_____/s/_____
Howard B. Hoffman, Esq.
ATTORNEY AT LAW
600 Jefferson Plaza, Suite 304
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753
Attorney for Defendants
*Pro Hac Vice* Admission

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY HOPKINS, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: 07-cv-3679 |
| NEW DAY FINANCIAL, LLC, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2009, a copy of the foregoing Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Disqualify, together with all exhibits, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the Eastern District of Pennsylvania, and is available for viewing and downloading from the ECF system.

_____/s/_____
Howard B. Hoffman, Esq.